IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DERRICK L. PRINCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:12-CV-802-TMH |
| ) | [WO] |
| ) | |
| STANLEY GARRETT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Derrick L. Prince ["Prince"], an indigent inmate presently confined at the Lee County Detention Center. In this complaint, Prince challenges the constitutionality of a search of his person, residence and property and the seizure of cocaine, crack cocaine, marijuana, weapons and other items associated with the drug trade conducted in August of 2011 pursuant to a search warrant issued by a state court judge in Lee County, Alabama. *Amendment to Complaint - Court Doc. No. 5* at 2. Prince further complains the defendants misled the judge in obtaining the search warrant. *Id*. at 2-3. Prince seeks monetary damages and suppression of all evidence seized in the search. *Complaint - Doc. No. 1* at 4.

Upon review of the allegations contained in the complaint, as amended, the court concludes that this case is due to be dismissed prior to service of process pursuant to the

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

Based on the evidence seized in the search about which Prince complains, a duly empaneled grand jury issued indictments against Prince for trafficking in cocaine and first degree possession of marijuana. *Amendment to Complaint - Doc. No. 5* at 2. These criminal charges are currently pending against him before the Circuit Court of Lee County, Alabama. *Id*. Prince advises his criminal case is "not schedule[d] for litigation until September 27, 2012." *Id.*

Prince seeks relief from this court which would interfere with actions of the state courts in processing his pending criminal cases at both the trial and appellate court levels. Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Prince has an adequate remedy at law regarding any claims relative to the constitutionality of the search made the basis of the instant complaint

---

[1] The court granted Prince leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

and/or actions regarding the admissibility of evidence allegedly obtained during the search because he may pursue these claims through the state court system in the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, Prince may challenge the constitutionality of the search and admission of evidence in the trial court and, if adverse rulings are obtained before the trial court, on appeal from any conviction which may be imposed against him. Moreover, Prince has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact Prince must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Prince's claims which place into question the constitutionality of a search and admissibility of evidence relative to a criminal matter pending before the Circuit Court of Le County, Alabama as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before November 7, 2012 the parties may file objections to

this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE